

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN - 8 2006

**CLERK, U.S. DISTRICT COURT**
By _____
          **Deputy**

| | |
|---|---|
| SALEM A. ABRAHAM AND WIFE, § <br> RUTH ANN ABRAHAM, EDWARD C. § <br> ABRAHAM, Dealing in His Sole and § <br> Separate Property, and JASON M. § <br> ABRAHAM, and SALEM ABRAHAM, § <br> Acting as Trustee of The Salem and Ruth § <br> Ann Abraham Educational Trust, §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>CHESAPEAKE OPERATING, INC., An §<br>Oklahoma Corporation, and CHESAPEAKE §<br>EXPLORATION LIMITED PARTNERSHIP, §<br>An Oklahoma Limited Partnership, §<br>TONY OLIVIER, LARRY J. MOSSMAN, §<br>and DENNIS OSTERSON D/B/A D & R §<br>TRANSPORT, §<br>§<br>Defendants. § | CIVIL ACTION NO. _____ <br> **2 - 0 6 C V - 1 4 4 - J** |

## NOTICE OF REMOVAL

Defendants, CHESAPEAKE OPERATING, INC., and CHESAPEAKE EXPLORATION

LIMITED PARTNERSHIP (hereafter referred to as the "Chesapeake Defendants"), hereby file this

Notice of Removal of the above-described action to the United States District Court for the Northern

District of Texas, Amarillo Division, from the 31st Judicial District Court of Hemphill County,

Texas, where this action is now pending as provided by Title 28, U.S. Code, Chapter 89, and state:

1.    The action is a civil action in trespass to try title, for injunctive relief, and money

damages.  Plaintiffs seek to prevent the Chesapeake Defendants, owners of the oil and gas leasehold

estate, from entering upon certain lands in Hemphill County, Texas, to drill a well for the production

of oil and gas. The United States District Court for the Northern District of Texas, Amarillo Division, has jurisdiction by reason of the diversity of citizenship of the parties.

2.     At all times and on May 18, 2006, when the action was commenced in the 31st Judicial District Court, Hemphill County, Texas, Defendant CHESAPEAKE OPERATING, INC., was and now is an Oklahoma Corporation, having its principal place of business in the State of Oklahoma, and CHESAPEAKE EXPLORATION LIMITED PARTNERSHIP was and now is an Oklahoma limited partnership, having its principal place of business in the State of Oklahoma.

3.     The Chesapeake Defendants state that the Plaintiffs have improperly joined as Defendants in this cause TONY OLIVIER, LARRY J. MOSSMAN, and DENNIS OSTERSON D/B/A D & R TRANSPORT, each of whom was at the commencement of this suit and each of whom still is a citizen of the State of Texas for no other apparent reason than to defeat or prevent a removal of this cause by the Chesapeake Defendants to the United States District Court for the Northern District of Texas, Amarillo Division. As will more fully appear upon an inspection of Plaintiffs' pleading, Plaintiffs wholly fail to show any claim for relief or right of recovery against either TONY OLIVIER, LARRY J. MOSSMAN, and DENNIS OSTERSON D/B/A D & R TRANSPORT, hereafter referred to as "the Texas Defendants." The Texas Defendants are and during the time set forth and complained of in Plaintiffs' Original Petition were the employees of the Chesapeake Defendants. The Texas Defendants are not, and never have been, owners of any interest in the oil, gas and mineral leasehold estate or operating rights involved in this litigation and described in Plaintiffs' Original Petition. The Texas Defendants have never had any interest in such rights, save and except as employees of the Chesapeake Defendants. Plaintiffs seek no monetary relief against the Texas Defendants and seek only to enjoin the Texas Defendants from going upon

the subject oil and gas leasehold estates for the purpose of drilling, producing, and marketing products therefrom. Any and all acts and things which might be done and performed by the Texas Defendants in connection with or pertaining to the oil, gas and mineral estate of the Chesapeake Defendants would only be at the direction and control of the Chesapeake Defendants and done and performed by the Texas Defendants in their capacity as such employees and not in their individual capacity.

If Plaintiffs should establish a right to injunctive relief against the Chesapeake Defendants, such relief would extend to the Chesapeake Defendants' agents, servants, employees, contractors, and sub-contractors, obviating any necessity to join the Texas Defendants in this proceeding. Plaintiffs' Original Petition alleges and shows upon its face that the oil and gas leasehold estates involved in this action were the property of and owned and controlled by the Chesapeake Defendants, and that Plaintiffs allege no facts sufficient to constitute any cause of action against the Texas Defendants.

The Texas Defendants are mere formal or nominal parties against whom no cause of action is stated in the complaint, and against whom no substantial relief can be obtained under the pleadings in this action, and whose presence as a party in the suit is neither necessary nor proper. The subject matter of this action presents a controversy capable of determination between the Plaintiffs and the Chesapeake Defendants without the presence of the Texas Defendants, who are neither proper nor necessary parties to this action.

4.    At all times and on May 18, 2006, when this action was commenced in the 31st Judicial District Court, Hemphill County, Texas, Plaintiffs were and now are individuals and representatives of a trust estate, all of whom individually and as trustees are residents of the State of Texas.

5.      Plaintiffs' complaint fails to state an amount in controversy beyond the allegation that Plaintiffs' claim for damages is in an amount "within the jurisdictional limits of the court." In addition to monetary damages of an unspecified amount, Plaintiffs seek to enjoin the Chesapeake Defendants from access to and development of their oil and gas leasehold estate in various lands in Hemphill County, Texas, depriving them of the mineral value of such lands in an amount in excess of $75,000.00.

6.      On May 22, 2006, the complaint and summons issued in the state action were served upon the Chesapeake Defendants.

7.      A copy of all process, pleadings, and orders served upon the Chesapeake Defendants is filed with this notice.

8.      The Chesapeake Defendants will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

9.      A copy of this notice will be filed with the clerk of the 31st Judicial District Court, Hemphill County, Texas, as required by 28 U.S.C. § 1446(d) and duplicate copies are filed with the clerk of this Court in accordance with Local Rule 81.1 a.3.

WHEREFORE, the Chesapeake Defendants request that this action proceed in this Court as an action properly removed to it.

DATED this _9th_ day of June, 2006.

---

RESPECTFULLY submitted,

COURTNEY, COUNTISS, BRIAN & BAILEY, L.L.P.
P. O. Box 9238
Amarillo, Texas 79105-9238
Tel: (806) 372-5569
Fax: (806) 374-5073


By: *[signature]*

MASTON C. COURTNEY
State Bar No. 04893000

ATTORNEYS FOR DEFENDANTS
CHESAPEAKE OPERATING, INC., and
CHESAPEAKE EXPLORATION LIMITED
PARTNERSHIP


## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the attached and foregoing Notice of Removal has been served upon counsel of record by United States mail, certified, return receipt requested, postage prepaid in an envelope properly addressed as follows:

Ronald D. Nickum
Attorney At Law
Box 1889
Amarillo, Texas 79105

John H. Lovall
Attorney At Law
Lovell, Lovell, Newsom & Isern, L.L.P.
Eagle Centre Building, Suite 1000
112 West 8th Avenue
Amarillo, Texas 79101

on the 8th day of June, 2006.


*[signature]*

Maston C. Courtney


G:\Data\WP\2006\0600178\Notice of Removal.wpd

NO. 6400

| | | |
|---|---|---|
| SALEM A. ABRAHAM AND WIFE, | § | IN THE 31ST DISTRICT COURT |
| RUTH ANN ABRAHAM, EDWARD C. | § | |
| ABRAHAM, Dealing in His Sole and | § | |
| Separate Property, and JASON M. | § | |
| ABRAHAM, and SALEM ABRAHAM, | § | |
| Acting as Trustee of The Salem and Ruth | § | |
| Ann Abraham Educational Trust, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | IN AND FOR |
| | § | |
| CHESAPEAKE OPERATING, INC., An | § | |
| Oklahoma Corporation, and CHESAPEAKE | § | |
| EXPLORATION LIMITED PARTNERSHIP, | § | |
| An Oklahoma Limited Partnership, | § | |
| TONY OLIVIER, LARRY J. MOSSMAN, | § | |
| and DENNIS OSTERSON D/B/A D & R | § | |
| TRANSPORT, | § | |
| | § | |
| Defendants. | § | HEMPHILL COUNTY, TEXAS |

## INDEX OF DOCUMENTS FILED IN STATE COURT

**DOCUMENT**                                                        **DATE FILED**

1.   Plaintiff's Original Petition in Trespass to              5/18/06
     Try Title and For Injunctive Relief and
     Damages

---

Case Number _6 4 0 0_

## IN THE 31ST DISTRICT COURT
## IN AND FOR
## HEMPHILL COUNTY, TEXAS

FILED
2:35 pm
MAY 1 8 2006

CHARLES COLE
CLERK _____ COURT
HEMPHILL COUNTY, TEXAS
B. P. Aguilar

SALEM A. ABRAHAM AND WIFE, RUTH ANN ABRAHAM, EDWARD C. ABRAHAM, DEALING IN HIS SOLE AND SEPARATE PROPERTY, AND JASON M. ABRAHAM, AND SALEM ABRAHAM, ACTING AS TRUSTEE OF THE SALEM AND RUTH ANN ABRAHAM EDUCATIONAL TRUST

                                                            Plaintiffs

v.

CHESAPEAKE OPERATING, INC., AN OKLAHOMA CORPORATION, AND CHESAPEAKE EXPLORATION LIMITED PARTNERSHIP, AN OKLAHOMA LIMITED PARTNERSHIP, TONY OLIVIER, LARRY J. MOSSMAN, AND DENNIS OSTERSON DBA D & R TRANSPORT

                                                            Defendants

### PLAINTIFFS' ORIGINAL PETITION IN TRESPASS TO TRY TITLE
### AND FOR INJUNCTIVE RELIEF AND DAMAGES

To the Honorable Judge of Said Court:

Now come Salem A. Abraham and wife, Ruth Ann Abraham, Edward C. Abraham, dealing in his sole and separate property, Jason M. Abraham, and Salem Abraham, Trustee of the Salem and Ruth Ann Abraham Educational Trust, hereinafter referred to as Plaintiffs, complaining of Chesapeake Operating, Inc., an Oklahoma Corporation [herein referred to as "Operating"], and Chesapeake Exploration Limited Partnership, an Oklahoma limited partnership [herein referred to as "Exploration"], and Tony Olivier, Larry J. Mossman, and Dennis Osterson dba D & R Transport, the individual Defendants being Texas residents, and for cause of action Plaintiffs would show the Court as follows:

*Discovery Control Plan*

1. Pursuant to Tex. R. Civ. P. 190.1, discovery in this suit is intended to be conducted under

Level 3 of this rule.

*Jurisdiction*

2. Pursuant to Tex. R. Civ. P. 47(b) Plaintiffs plead that the damages sought are within the jurisdictional limits of the Court.

*Venue*

3. Pursuant to Tex. Civ. Prac.& Rem. Code Section 15.002 (a)(1) this suit is brought in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

4. Pursuant to Tex. Civ. Prac.& Rem. Code Section 15.011 this suit is brought in the county in which the land is located.

5. Pursuant to Tex. Civ. Prac.& Rem. Code Section 15.004 this suit is brought in Hemphill County, Texas the county required by the mandatory venue provision.

6. Pursuant to Tex. Civ. Prac.& Rem. Code Section 65.023 this suit is brought against Tony Olivier, Larry J. Mossman, and Dennis Osterson dba D & R Transport, in the county of their domicile. As to these defendants, the only remedy sought by Plaintiffs is injunctive relief while they act in the course and scope of employment, or act in the course and scope of conduct as independent contract for Defendants Exploration and Operating, and only as to the lands of the Plaintiffs. No monetary damages, attorney's fees, court costs, or other relief of any kind or character is sought against these Defendants, the only cause of action against these Defendants being to enjoin them from trespass on the lands of the Plaintiffs under the employment of or at the direction of the Defendants Exploration and Operating. To the extent that discovery reveals any other such agents, servants or employees of Defendants Exploration and/or Operating, the same injunctive relief will be sought as to such Defendants.

7. Pursuant to Rule 103 of the Texas Rules of Civil Procedure, Plaintiffs request service of citation by registered or certified mail to be made by the Clerk of the Court in which the case is filed and to be delivered pursuant to Rule 106 by mailing to the Defendants Exploration

and Operating by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto, at the following address:

Chesapeake Operating, Inc., an Oklahoma Corporation
CT Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

Chesapeake Exploration Limited Partnership, an Oklahoma limited partnership
CT Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

8. Plaintiffs request personal service of citation upon the following Defendants at the following addresses:

Tony Olivier
909 South 4th Street
Canadian, Texas

Larry J. Mossman
414 South 5th Street
Canadian, Texas

Dennis Osterson, dba D & R Transport
845 Conklin Avenue
Canadian, Texas

*Recitation of Facts*

9. The Plaintiffs bring to this court a case in which they seek the adjustment of correlative rights of owners of the dominant oil and gas estate and the servient surface estate. They seek injunctive relief against all the Defendants and damages against Exploration and Operating.

10. It is alleged upon information and belief that Defendant Exploration is the owner of oil and gas leases covering sections of land in Block 1, I&GN Survey, Hemphill County, Texas, including the northwest quarter (NW/4) and the south half (S/2) of Section 14, the north half (N/2) and southwest quarter (SW/4) of Section 15, the northwest quarter (NW/4) of Section

33, the north half (N/2) of Section 32, the north half (N/2) and southwest quarter (SW/4) of Section 40, all in Block 1, I&GN Survey, Hemphill County, Texas.

11. It is alleged upon information and belief that Defendant Exploration is the owner of the mineral estate in these lands, owning a determinable fee simple title in and to the oil, gas and other minerals in and under the lands subject to this suit by virtue of one or more oil and gas leases.

12. Defendants Exploration and Operating have used lands of the Plaintiffs in which they have no right, title or interest, for ingress and egress to their leases and wells. This use was at the will of the Plaintiffs. Plaintiffs have now found it necessary to terminate the comings and goings of the Defendants Exploration and Operating across the lands in which they claim no right, title or interest. Defendants Exploration and Operating have set up a claim to continued use of such lands, causing Plaintiffs to file this petition in Trespass to Try Title. The trespass to try title action seeks to adjudicate the rights of the Defendants Exploration and Operating, and their employees and contractors herein named as parties, to cross the lands of the Plaintiffs as a matter of some right, title or interest.

13. It is alleged upon information and belief that Defendant Operating is an affiliate of Exploration that operates the oil and gas leases owned by Exploration. As a lessee under an oil and gas lease, Exploration owns the dominant estate and Plaintiffs owns the servient estate. Nevertheless, the Plaintiffs as owners of an undivided interest in the surface estate are entitled to some accommodations by Defendants in the development of the mineral estate, including the duty of reasonable use, or liability for negligent use, of the surface estate. Defendants Operating and Exploration have made unreasonable use of the surface estate, and they have been negligent in the use of the surface estate, and they should be held liable in actual damages to the Plaintiffs. This lawsuit is brought in part for recovery of such damages.

14. Defendant Operating proposes to drill a well 660' from the west line and 1000' from the north line of Section 14, Block 1, I&GN Survey, Hemphill County, Texas. This proposed well is located within the riparian boundaries of Red Deer Creek, a tributary of the Canadian River.

Red Deer Creek is a fragile ecological environment under laying by the Ogallala Aquifer. The Ogallala Aquifer is a valuable natural resource. The location proposed by Operating within the bed of the creek has a water table of no more than one to two feet below the sandy surface in a drought year. Oil and gas operations necessarily involve the building of massive caliche pads, the digging of deep trenches for used drilling mud, oils and lubricants, and waste water (including salt water), and all of this activity is proposed for this fragile ecological area. Plaintiffs have attempted to open a dialogue with the Defendants Exploration and Operating to move the location a reasonable distance and drill a deviated wellbore to whatever total depth Defendants intend, but this request for accommodation by Plaintiffs to the Defendants has been rejected. Plaintiffs have no choice but to defend their lands against this unreasonable use, this failure and refusal to accommodate, and the destruction that will result to this fragile ecological environment by resorting to their rights to control ingress and egress to their lands. The Plaintiffs bring this lawsuit seeking mandatory injunctive relief to keep the Defendants Exploration and Operating out of the Red Deer Creek riparian area.

### Count One – Action in Trespass To Try Title and For Injunctive Relief With Regard To Trespasses

15. This is a count in Trespass To Try Title and for Injunction, as against all Defendants in the use of Plaintiffs' lands for ingress and egress by means of travel across lands in which Defendants Operating and Exploration have no right, title and interest. The status quo is that Defendants have no right to travel across lands in which they have no right, title or interest. Plaintiffs will be irreparably injured if injunctive relief is not granted prohibiting Defendants from traveling across Plaintiffs' lands in which they have no right, title or interest, for the tort of trespass is a continuing tort under these circumstances and there are no damages adequate to compensate the Plaintiffs in the derogation of their rights to peaceable possession of the surface estate of their lands in which Defendants have no right, title or interest. Plaintiffs have no adequate remedy at law against continued trespass because damages are insufficient

and too uncertain for assessment and because there is no adequate remedy at law against trespass and other than by injunctive relief, particularly when the trespass will be a continuing trespass over a long period of time. Plaintiffs request that the Court assure that the status quo is preserved during the pendency of this case by a temporary injunction, and grant a permanent injunction upon final hearing, enjoining the Defendants from using lands of the Plaintiffs in which they have no right, title or interest.

*Count Two – Mandatory Injunctive Relief*
*Providing For Accommodation of Surface Owner Rights*

16. As stated above, surface ownership of Section 14 is vested in Plaintiffs in undivided ownership. This Court is requested to enter a mandatory order of injunction directing Defendants Exploration and Operating as follows:

   a. Should Defendants Exploration and Operating select a location for operations of any kind within a riparian area, including but not limited to a stream or creek channel or bed, lake bed, playa lake, slough, swamp, sub-irrigated meadow, riparian ox bow, or other area in which fresh water is either present at the surface or potentially present under the surface, Defendants Exploration and Operating shall first drill a water test well to determine the depth of the fresh water table from the surface. If the test results show that fresh water is present under the lowest point of the location (including the potential lowest point of any slush pit serving the location) at a depth of 30 feet or less from the lowest point, Defendants Exploration and Operating shall be required to select an alternate location that exceeds a depth of 30 feet or more from the such lowest point, from which it may directionally drill its well to its objective formation(s).

   b. Slush pits and frac water pits, and all equipment for measurement, treatment, storage, compression, and sale of production shall not be located within a riparian area of any kind; rather, drilling mud and fluids shall be captured in a closed system and hauled out of riparian areas for disposal.

c. Tank batteries, separation and treating equipment, compression equipment, and other equipment for drilling and production of oil and gas wells shall be located at a distance and location from such riparian areas so as to assure that spills and contaminants shall not enter the riparian area.

*Count Three –Mandatory Injunctive Relief*
*Providing For Accommodation of Residence Owner Rights*

17. The site for the well to be located in Section 14 was selected by Defendants Exploration and Operating without regard to the residence being built by Edward C. Abraham.   This residential site will be in close proximity to the wellhead.  If the wellhead is ordered moved out of the riparian area, the production equipment should be ordered to be moved to a site at a distance which does not interfere with the peaceable enjoyment of the homestead of Edward C. Abraham and production equipment should be ordered muffled in order to prevent the nuisance of noise. The court should enter a mandatory injunction directing the location and operation of the well to be such that it does not impair the aesthetic value of the property or present to the residents of the homestead, and in particular the children residing at the homestead, dangers associated with the production, storage and transportation of oil and natural gas.

18. The current status is that there is no production of oil or gas in close proximity to the Edward C. Abraham homestead and residence. The location of such equipment in close proximity to the residence and homestead site will irreparably injure Edward C. Abraham by destroying the aesthetic values of the homestead acreage, the lifestyle of the Plaintiff and his family, and by endangering the family by reason of oilfield operations in close proximity.  There is no adequate remedy at law for these damages other than injunctive relief.

19. Of particular concern is the fact that children are drawn to the grassy tree-covered riparian area that constitutes a natural playground along the Red Deer Creek riparian area and its ponds.  This is yet another compelling reason to exclude a wellhead location, tank or storage

battery, separation or compression equipment, temporary slush pit, or other facility or equipment from the riparian boundaries of the creek bed.

20. Plaintiff requests that the status quo be preserved during the pendency of this case by temporary mandatory injunction, and preserved upon final judgment by a permanent injunction. The mandatory injunctive relief should spell out the distance that any location for a wellhead site should be from the homestead, the noise abatement and other nuisance abatement measures to be undertaken by the Defendants Exploration and Operating, and the measures that must be taken to exclude children from the area of Defendants' operations.

*Count Four –Suit For Damages to Land*

21. This is an action for injury to land.  The amount of the damages exceeds the jurisdictional threshold of the district court. The injury is the result of excessive or unreasonable use of the surface estate of the land by the owner of the fee simply determinable estate in the minerals in the lands at issue.

22. All drilling locations (including pits, pads and other surface areas upon which equipment for drilling and completing wells is used), and production locations (including surface areas upon which equipment is placed to produce, measure, treat, process, compress or transport oil or gas), are greater in area than necessary and this taking is both negligent and unnecessary.

23. Defendants Exploration and Operating are not restoring the land to its original contours, they are not planting and growing native grasses on bare areas, and the restoration which they have done is causing erosion and damage to the land.

24. Defendant are allowing trash and junk to remain upon leases operated by them. This trash is blowing off the wellhead sites onto pasture.

25. The lands in which Plaintiffs own an interest are experiencing severe burn and fire danger due to drought conditions coupled with wind and humidity factors.  Defendants Exploration

and Operating are allowing vegetation and weeds to grow about their locations which create unsightly vistas and which present fire dangers.

26. Defendants Exploration and Operating are not digging pits deep enough. There is mud against the walls of the pits and the pits cannot be back filled adequately. The pits become mounds blending in with slopes and contours of the land after back filling.

27. Plaintiffs seek damages for such injury to their lands.

*Summary*

28. The court is called upon to adjust the rights of the Defendant (which owns the dominant estate), and the Plaintiffs (which owns the surface estate). Conciliation of this conflict through injunctive relief is supported by precedent in several factual situations previously presented to the courts of this state. Plaintiffs point out that, as a matter of law, it is not ordinarily contemplated in mineral leases or deeds that the utility of the surface will be destroyed or substantially impaired by the uses made of the surface for the production of minerals. When the utility of the surface is so affected, conciliation between the surface estate and mineral estate becomes necessary, and is enforceable by injunctive relief. Conciliation of the respective rights of the parties in this case may be achieved only through injunctive relief. Thus, this case is brought seeking injunctive relief in the nature of orders to use available means and technology to avoid excessive and unreasonable use of and damage to the surface estate in its oil and gas operations. As stated above, Defendants Exploration and Operating are oil and gas lessees, the owners of the dominant estate, and the Plaintiff are the surface owners of the servient estate. These Defendants have at their disposal the means to limit injury to the lands subject to their leases. Plaintiffs will be irreparably injured unless the injunctive relief herein requested is granted. If the trespasses are allowed to continue, if the wells are allowed to be drilled wherever Defendants Exploration and Operating choose, if pipelines are put in, all without regard to the rights of the surface owners, there is no way to remedy or mitigate the irreparable damaging effect to the land. This damaging effect occurs

both as a direct injury to the land through excessive taking and unreasonable use, and an injury to the overall acreage comprising the land by diminishment of its aesthetic effects and the resulting damage to the land as recreational property. Plaintiffs has no adequate remedy at law against the injury. There is no way of ascertaining the actual monetary damage that Defendants' conduct will cause with any reasonable certainty. Injunctive relief should protect the surface estate to the largest extent possible while allowing the Defendants Exploration and Operating to develop the oil and gas reserves. Injunctive relief can accomplish the adjustment of correlative rights between the parties.

*Request for Relief Under Count One*
*Action in Trespass To Try Title and For Injunctive Relief*
*With Regard To Trespasses*

12. Defendant should be cited to appear and show cause at a hearing for that purpose why a temporary injunction should not be issued, enjoining the Defendant from trespassing on the lands of the Plaintiffs during the pendency of this case.  Upon final hearing, the court is requested to enter a full and final injunction enjoining the Defendant from trespassing on the lands of the Plaintiffs.

*Request for Relief Under Count Two*
*Mandatory Injunctive Relief Providing For Accommodation of Surface Owner Rights*

13. Defendant should be cited to appear and show cause at a hearing for that purpose why a temporary mandatory injunction should not be issued, directing the Defendants Exploration and Operating to conduct their operations in a manner that accommodates both the needs of the Plaintiffs and the Defendants in relation to the lands upon which operations are to be conducted.  Upon final hearing, the court is requested to enter a full and final mandatory injunction directing the Defendants Exploration and Operating to conduct all future operations in a manner that accommodates both the needs of the Plaintiffs and the Defendants in relation to the lands upon which operations are to be conducted, including but not limited to the following relief:

a. Should Defendants Exploration and Operating select a location for operations of any kind within a riparian area, including but not limited to a stream or creek channel or bed, lake bed, playa lake, slough, swamp, sub-irrigated meadow, riparian ox bow, or other area in which fresh water is either present at the surface or potentially present under the surface, Defendants shall first drill a water test well to determine the depth of the fresh water table from the surface. If the test results show that fresh water is present under the lowest point of the location (including the potential lowest point of any slush pit serving the location) at a depth of 30 feet or less from the lowest point, Defendants shall be required to select an alternate location that exceeds a depth of 30 feet or more from the such lowest point, from which it may directionally drill its well to its objective formation(s).

b. Slush pits and frac water pits, and all equipment for measurement, treatment, storage, compression, and sale of production shall not be located within a riparian area of any kind; rather, drilling mud and fluids shall be captured in a closed system and hauled out of riparian areas for disposal.

c. Tank batteries, separation and treating equipment, compression equipment, and other equipment for drilling and production of oil and gas wells shall be located at a distance and location from such riparian areas so as to assure that spills and contaminants shall not enter the riparian area.

*Request for Relief Under Count Three*
*Mandatory Injunctive Relief Providing For Accommodation of Residence Owner Rights*

14. Defendant should be cited to appear and show cause at a hearing for that purpose why a temporary mandatory injunction should not be issued, directing the Defendants Exploration and Operating to conduct their operations in a manner that accommodates both the needs of ~~the Defendants Exploration and Operating in relation to the lands upon which operations are~~ to be conducted and the needs of Edward C. Abraham and his family as regards his home and homestead. The injunctions should spell out the distance that any location for a wellhead site should be from the homestead, the noise abatement and other nuisance abatement measures

to be undertaken by the Defendants, and the measures that must be taken to exclude children from the area of Defendants' operations.

*Request To Set Bond*

15. The Court should set a bond in support of the temporary injunction. Plaintiffs requests that the Court order the bond to be a cash bond.

*Request for Relief Under Count Four - Damages*

16. Plaintiffs would show that they are entitled to damages to their lands proximately caused by the negligence of the Defendants Exploration and Operating in the trespass upon Plaintiffs' lands and in the conduct of operations on their leases where Defendants Exploration and Operating have made unreasonable use of the surface estate.

*Prayer*

PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, that Plaintiffs have injunctive relief as requested above and upon final hearing Plaintiffs have judgment against Defendant for damages, court costs, permanent injunctive relief, and interest allowed by law.

Respectfully Submitted,

JOHN H. LOVELL
Attorney At Law
State Bar Number 12609300
Lovell, Lovell, Newsom & Isern, L.L.P.
Eagle Centre Building, Suite 1000
112 West 8th Avenue
Amarillo, Texas 79101
Phone (806) 353-1515
FAX (806)379-7176

RONALD D. NICKUM
Attorney At Law
State Bar Number 15015000
Box 1889 - Amarillo, Texas 79105
Phone        (806)  371-8888
Fax           (806)  374-9618
E-mail        nickum1@cox.net
Website      www.nickumlaw.com

Attorneys for Plaintiffs

by

VERIFICATION

STATE OF TEXAS            {
COUNTY OF HEMPHILL    {

BEFORE ME, the undersigned authority on this day personally appeared the undersigned Affiant who by me being duly sworn did upon oath, depose and say that Affiant he has read the above and foregoing pleading and that every statement contained therein is true and correct within his personal knowledge.

_____
AFFIANT    _Salem Abraham_

SUBSCRIBED and sworn to before me by the said affiant on the _18th_ day of _May_____, 2006 to certify which witness my hand and seal of office.

_____
Notary Public - State of Texas

LEANN SHERMAN
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 06-16-2009

# CIVIL DOCKET

CASE NO. 6400

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING |
|---|---|---|---|---|

6400

| FEE BOOK | | |
|---|---|---|
| Vol. | Page | |
| 26 | 172 | |

Salem Abraham, et al.

vs.

Chesapeake Operating Inc., et al

Ronald D. Nickum

Plff.

Dft.

Trespass To Try Title

**DATE OF FILING**

| Mo | Day | Year |
|---|---|---|
| 5 | 18 | 2006 |

Jury Fee

Paid by

Jury No.

**DATE OF ORDERS**

| Month | Day | Year |
|---|---|---|

Was Stenographer Used?

ORDERS OF COURT

PROCESS

| MINUTE BOOK | |
|---|---|
| Vol | Page |

*Selim Abraham, et al*

VS.

*Chesapeake Operating, et al*

CAUSE # 6400

PLAINTIFF'S ATTORNEY:

*Donald Mechum*

DEFENDANT'S ATTORNEY:

| DATE FILED | DOCUMENT | |
|---|---|---|
| 5/18/06 | Plaintiffs Original Petition for Trespass to Drysite, and for Injunctive Relief and Damages. | 1 |
| 5/22/06 | Citation — Massman | 14 |
| ✓ | ✓ — Osterson | 16 |
| ✓ | ✓ — Oliver | 18 |
| 5/26/06 | ✓ — Chesapeake Operating | 19 |
| ✓ | ✓ — ✓ Exploration | 20 |

PAGE ____

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

2-06CV-144-J

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Salem A. Abraham and Wife, Ruth Ann Abraham, Edward C. Abraham, Dealing in His Sole and Separate Property, Jason M. Abraham, and Salem Abraham, Acting as Trustee of the Salem and Ruth Ann Abraham Educational Trust

## DEFENDANTS
Chesapeake Operating, Inc., an Oklahoma Corporation, and Chesapeake Exploration Limited Partnership, an Oklahoma Limited Partnership, Tony Olivier, Larry J. Mossman, and Dennis Osterson D/B/A D & R Transport

**(b)** County of Residence of First Listed Plaintiff **Hemphill County, TX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Oklahoma County, OK**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ronald D. Nickum, Box 1889, Amarillo, TX 79105, Ph: 806.371.8888; AND John H. Lovell, Lovell, Lovell, Newsom & Isern, L.L.P., Eagle Centre Bldg., 112 W. 8th, Ste. 1000, Amarillo, TX 79101, Ph: 806.353.1515

Attorneys (If Known)
Maston C. Courtney, Courtney, Countiss, Brian & Bailey, L.L.P., P. O., Box 9238, Amarillo, TX 79105-9238, Ph: 806.372.5569

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☒ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **28 U.S.C. § 1332**
Brief description of cause: **In trespass to try title and for injunctive relief and damages.**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions).
JUDGE
DOCKET NUMBER

DATE June 8, 2006
SIGNATURE OF ATTORNEY OF RECORD *Maston C. Courtney*

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Receipt # AM 088081

## United States District Court
## Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case if filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |-------|-------------|
   | 31st Judicial District Court Hemphill County, Texas | No. 6400 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimants(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | Party and Party Type | Attorney(s) |
   |----------------------|-------------|
   | PLAINTIFFS: Salem A. Abraham and Wife, Ruth Ann Abraham, Edward C. Abraham, Dealing in His Sole and Separate Property, Jason M. Abraham, and Salem Abraham, Acting as Trustee of the Salem and Ruth Ann Abraham Educational Trust | Ronald D. Nickum, SBN 15015000, Box 1889, Amarillo, TX 79105, (806) 371-8888; AND John H. Lovell, SBN 12609300, LOVELL, LOVELL, NEWSOM & ISERN, L.L.P., Eagle Centre Bldg., Suite 1000, 112 West 8th Ave., Amarillo, TX 79101, (806) 353-1515 |
   | DEFENDANTS: Chesapeake Operating, Inc., An Oklahoma Corporation, and Chesapeake Exploration Limited Partnership, An Oklahoma Limited Partnership, Tony Olivier, Larry J. Mossman, and Dennis Osterson D/B/A D & R Transport | Maston C. Courtney, SBN 04893000, COURTNEY, COUNTISS, BRIAN & BAILEY, L.L.P., P. O. Box 9238, Amarillo, TX 79105-9238, (806) 372-5569 |

3. **Jury Demand:**

   Was a Jury Demand made in State Court:      ☐ Yes      ☑ No

   If "*Yes*," by which party and on what date?

   _____          _____
   Party                                                              Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.      **Answer:**

Was an Answer made in State Court?          ☐ Yes          ☑ No

If "*Yes*," by which party and on what date?

_____                    _____
Party                                                                               Date

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

   **Party**                                    **Reason(s) for No Service**

   As of this date, the Chesapeake Defendants have no knowledge as to whether
   service has been perfected on Defendants Tony Olivier, Larry J. Mossman, and
   Dennis Osterson, D/B/A  D & R Transport.

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that
change:

   **Party**                                    **Reason**

   No changes

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this
litigation:

   **Party**                                    **Claim(s)**

   Plaintiffs                              Assert claims in trespass to try title; damages for
                                                  excessive/negligent use of surface in development of oil
                                                  and gas leasehold estate.

   Defendants                           Deny Plaintiffs' claims; assert paramount right to use
                                                  surface as dominant estate owner.