**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**AMARILLO DIVISION**

| | | |
|---|---|---|
| SALEM A. ABRAHAM, et al., | § § | |
| PLAINTIFFS, | § | |
| v. | § § | CIVIL ACTION CAUSE NUMBER |
| CHESAPEAKE OPERATING, INC., et al., | § § | 2:06-CV-144-J |
| DEFENDANTS. | § § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

Before the Court is Plaintiffs' motion, filed July 26, 2006, to remand this case for lack of complete diversity jurisdiction. For the following reasons this motion is granted and this case is hereby remanded to the 31st District Court in and for Hemphill County, Texas.

**Jurisdictional Facts**

This is, in part, an action for common law trespass and trespass to try title to land. It is, however, more complex than the ordinary trespass suit.

Plaintiffs seek damages for injury to their lands and specific injunctive relief designed to prevent future damages to their lands. They seek as well to force owners of the dominant mineral leasehold estates to accommodate the surface owners' state-law based rights to minimize damages to the surface of their lands caused by oil and gas drilling and production.

All of the Plaintiffs are Texas citizens. Named Defendant Chesapeake Exploration Limited Partnership is a limited partnership organized under Oklahoma law and having its principal place of business in Oklahoma. The record is not clear as to what entities or persons are the limited

partners of Chesapeake Exploration, or the citizenships of those entities or persons./[1]  Named Defendant Chesapeake Operating, Inc. is an Oklahoma citizen.  Defendants Tony Olivier, Larry Mossman and Dennis Osterson, d/b/a D&R Transport, are Texas citizens.

Plaintiffs allege that the usual oil and gas operations of the Chesapeake entities threaten to take up more surface area than reasonably necessary for their drilling and production operations, in violation of Plaintiffs' subservient surface rights.  Plaintiffs further allege that the Chesapeake entities are attempting to drill a well inside the creekbed of a fragile riparian ecological area known as Red Deer Creek, a tributary of the Canadian River, which will contaminate surface waters (the waters in the creek and a nearby lake) as well as underground waters.  Plaintiffs allege that the Chesapeake entities are planning to drill a well within sight of a personal residence located upon the lands, presenting a danger to their children.  Plaintiffs seek injunctive relief to keep the Defendants' operations out of the Red Deer Creek riparian area and to force Defendants to drill with a slanted wellbore begun at a location well away from their home and from the riparian areas, should they continue to seek to produce hydrocarbons from under the creek.

Defendants Olivier and Mossman are employees of one or more of the Chesapeake entities.  Defendant Osterson is an independent contractor working for Chesapeake entities.  Plaintiffs allege that in the course of servicing other existing oil and gas wells Defendants Olivier, Mossman, Osterson, as well as others now unknown to Plaintiffs, wrongfully crossed over and trespassed upon their lands pursuant to the orders of Chesapeake entities, without right, title or interest legally

---

[1] Non-party Chesapeake Energy Corporation is the parent company of Defendants Chesapeake Operating, Inc. and Chesapeake Exploration L.P., and has a financial interest in the outcome of this case.  Non-party Chesapeake Acquisition, L.L.C. is a partner of Defendant Chesapeake Exploration L.P.  *See* Defendants' Certificate of Interested Persons, filed June 8, 2006.  The citizenships of Chesapeake Energy and Chesapeake Acquisition, and any other limited partners, are unknown.

sufficient to permit them to do so, thereby causing damage to the lands themselves and to Plaintiffs. Plaintiffs seek injunctive relief to keep the Defendants' agents, servants and independent contractors from trespassing on Plaintiffs' lands to service existing wells located on lands owned by other persons. Plaintiffs claim that they have legally revoked such earlier permitted travel across their lands by Defendants' agents and employees. Plaintiffs also seek injunctive relief allowing them to continue to refuse permission for traveling over, across and through Plaintiffs' lands, in violation of Plaintiffs' rights to peaceable possession of their lands, lands in which Plaintiffs allege Defendants otherwise have no right, title or interest sufficient to permit them to cross.

The Chesapeake Defendants removed this case on the basis of diversity jurisdiction, alleging that the non-diverse Defendants (Olivier, Mossman, and Osterson) were "improperly joined ... for no other apparent reason than to defeat or prevent a removal of this cause" to federal court. The removing parties allege that "Plaintiffs wholly fail to show any claim for relief or right of recovery against either" of the Texas citizens. The Chesapeake Defendants argue that because "Plaintiffs seek no monetary relief against the Texas Defendants and seek only to enjoin [them] from going upon the subject oil and gas leasehold estates for the purpose of drilling, producing, and marketing products therefrom" at the direction and control of Chesapeake entities, then these defendants are not properly joined. Plaintiffs concede that at the time of the filing of their state court petition and at the time of removal they sought no monetary damages from the non-diverse defendants, but point out that they did then and now seek specific injunctive relief.

Plaintiffs' petition further states that Plaintiffs believe there may be other persons or entities as yet unknown to Plaintiffs whom Plaintiffs may need to add as necessary parties, such as working interest owners, other tradesmen, and/or other Chesapeake employees who are or may be trespassing

3

on their lands, so as to obtain complete relief insofar as their claims to damages and/or injunctive relief. There having been limited discovery on these issues at this time, the identities and citizenships of these potential party-defendants remain unknown.

**Discussion and Analysis**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 defendants may remove actions to federal district court. For removal to be proper there must be specific allegations of diversity jurisdiction. Stevens v. Nichols, 130 U.S. 230, 231 (1899). That is, the removing party must affirmatively allege the citizenship (*not* residency) of all parties. *Id.* In a diversity action the minimum amount in controversy necessary for federal jurisdiction is an amount in excess of $75,000.00, exclusive of interest and costs. See 28 U.S.C.A. § 1332(a)(1)(as amended effective January 17, 1997). Complete diversity among the parties (all plaintiffs and all defendants) is required, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), and the Court must make sure this diversity exists.

The federal removal statutes state that removal of a diversity action is allowed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Therefore, if there is no federal question presented in the action (as in this case) and if it contains one or more properly joined "local" defendants (i.e.- Texas citizens) then removal is foreclosed by section 1441. Plaintiffs move for remand on that basis, that is, that there is a lack of complete diversity because one or more of the properly sued defendants is a Texas citizen against whom relief is properly sought.

Defendants removed on the basis of fraudulent or improper joinder of the non-diverse party defendants, Olivier, Mossman, and Osterson. In cases where removal is precluded by the presence of a nondiverse defendant, the Fifth Circuit has held that the defendant seeking removal must

4

demonstrate that there is no reasonable basis for predicting that the plaintiff will recover in state court, for example, by showing the federal district court that a state court would find that the complaint does not state a cause of action against the non-diverse parties. Gray vs. Beverly Enterprises–Mississippi, Inc., 390 F.3d 400, 402, 405 (5th Cir. 2004). *Accord* Jett v. Zink, 362 F.2d 723, 730 (5th Cir. 1966), *cert. denied sub nom.* Sterling Oil v. Chamberlain, 414 U.S. 854, 94 S.Ct. 153, 38 L.Ed.2d 104 (1973); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983).

All disputed questions of fact and all ambiguities in state law must be resolved in favor of the plaintiff. Gray, 390 F.3d at 405. The Texas law of trespass, an independent tort, affords relief for violation of a property right upon injury to personal property or real property. Mountain States Tele. & Tele. Co. V. Vowell Constr. Co., 341 S.W.2d 148 (Tex. 1960); Ward v. Northeast Texas Farmers Co-Op Elevator, 909 S.W.2d 143 (Tex. App.–Texarkana 1995, *writ denied*). A trespass to real property is committed where a person enters another's land without consent or legal authority. Ward, 909 S.W.2d at 150. Trespass to try title is a recognized cause of action in Texas. Natural Gas Pipeline Co. of America v. Pool, 30 S.W.3d 639 (Tex. App.–Amarillo 2000, *no petition history*); Tex. Rules Civ. Pro. 782.

In Texas a tortfeasor is responsible for his own torts even if they were committed within the course and scope of his employment as an agent of another. Leonard Duckworth, Inc. v. Michael L. Field & Co., 516 F.2d 952 (5th Cir. 1975); Holloway v. Skinner, 898 S.W.2d 793, 797 (Tex. 1995)("[U]nder Texas law a corporate agent is answerable to the corporation ... and to third parties" in tort.); Light v. Williams, 663 S.W.2d 813, 815 (Tex. 1983); Williams v. Olivio, 912 S.W.2d 319, 330 (Tex. App.--San Antonio 1995, *no writ*)(agent my be liable for his own tortuous actions even if he acts on the command of his principal). For these reasons the removing Defendants have not shown that the non-diverse party defendants are not properly joined parties against whom, should

Plaintiffs prevail at trial, specific injunctive relief may not properly be granted in a state court, i.e., an order forbidding all of the named Defendants herein from trespass upon Plaintiffs' lands.

Furthermore, even if the Chesapeake entities' claimed right to trespass and to drill where they may is correct under Texas law, therefore allowing its agents and independent contractors to freely come onto and cross Plaintiffs' lands and to drill as, when and where the Chesapeake Defendants instruct them, it has still not shown that there is improper joinder of the instate defendants. *Cf.* Smallwood v. Illinois Central RR Co., 385 F.3d 568, 571 (5th Cir. 2004)(*en banc*). That is so because a showing that a plaintiff's case is barred as to all defendants is not sufficient to show that the joinder of the in-state parties was improper. *Id.* at 575.

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). That burden has not been met in this case. For the reasons set forth above, the Court concludes that this case was removed improvidently and without jurisdiction. *See* 28 U.S.A. § 1447.

In addition to these reasons, there might be an additional grounds for remand. The Court notes that Defendant Dennis Osterson's August 25, 2006, affidavit states that from time to time he enters upon Plaintiffs' lands at the request of the Chesapeake Defendants "or other working interest owners" (WI Owners). The Court requested affidavits to clarify the record as to all jurisdictional facts related to Plaintiffs' claims, i.e., the existence of complete diversity as alleged by the Chesapeake Defendants, and as to facts related to alleged wrongful trespass upon Plaintiffs' lands by the Chesapeake Defendants and the non-diverse party defendants, such as Defendant Osterson. The record is silent as to the citizenships of these WI Owners directing Osterson and others to enter upon the lands in dispute, parties who Plaintiffs state may be joined in this litigation as their identities are discovered.

The record not being clear on these jurisdictional issues, or upon the question of the citizenships of the other Chesapeake entities with a financial interest in the outcome of this case, the Court will not address at this time these additional potential grounds for remand.  *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990)("In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.  We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," *Chapman*, 129 U.S., at 682, 9 S.Ct., at 427,"the several persons composing such association," *Great Southern*, 177 U.S., at 456, 20 S.Ct., at 693, "each of its members," *Bouligny*, 382 U.S., at 146, 86 S.Ct., at 273," specifically including limited corporations, limited partnerships and associations, not to mention all of the real parties in interest who own working interests in the proposed new well or in the existing wells at issue in this case.)./[2]

**Conclusions**

This case was removed improvidently and without jurisdiction.  It is therefore remanded to the 31st District Court in and for Hemphill County, Texas.

It is SO ORDERED.

Signed this the   2nd   day of October, 2006.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE

---

[2] The Supreme Court has held that even the presence of a fictitious defendant may defeat jurisdiction on removal.  See Pullman Company v. Jenkins, 305 U.S. 534 (1939).  So called "Doe" defendants defeat diversity if there are reasonable indications of their identity and relationship to the cause of action.  Incopero v. Farmers Insurance Exchange, 113 F.R.D. 28 (D. Nev. 1986).